**40**

In re Kathy J. COUCHOT, Debtor.

Bankruptcy No. 94–30123.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

June 10, 1994.

David L. Mikel, Troy, OH, for debtor.

James K. Ferris, Cincinnati, OH, for Star Bank.

Duane A. Goetemoeller, Sidney, OH, for Jean Couchot.

George W. Ledford, Englewood, OH, Trustee.

DECISION AND ORDER DENYING CONFIRMATION OF DEBTOR'S PROPOSED MODIFICATION TO CHAPTER 13 PLAN

WILLIAM A. CLARK, Bankruptcy Judge.

Dated at Dayton, Ohio, this 9th day of June, 1994.

This matter is before the court for decision based upon an evidentiary hearing held on May 4, 1994. The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(L)—confirmations of plans.

### FACTS

On December 26, 1990, Kathy J. Couchot ("debtor") and Jean Couchot (the debtor's mother-in-law) executed a note in favor of Star Bank in the amount of $6,317.48. The purpose of the loan from Star Bank was to enable Jean Couchot to pay the funeral expenses of her son, the debtor's husband. The debtor understood that she was signing the note as a cosigner. For the purpose of assisting Jean Couchot in obtaining the loan, the debtor also granted a mortgage of her personal residence to Star Bank.

To disburse the proceeds of the loan Star Bank issued a check to "Kathy Couchot *and* Jean Couchot." It is not contested that the check's designation of payees was altered to read "Kathy Couchot *or* Jean Couchot," and that Jean Couchot cashed the check and received the loan proceeds.[1] It is also uncontested that Jean Couchot used the loan proceeds to pay her son's funeral expenses and that the debtor received a small portion of the proceeds to pay tax arrearages and insurance for her residence. Jean Couchot

---

1. The debtor testified that she never saw the check, but no evidence was presented to the court as to who altered the check.

made no payments on the loan and the debtor made six payments to Star Bank.

Presently before the court is the objection of Star Bank (Doc. # 19) to the debtor's proposed modification of her chapter 13 plan (Doc. # 15).[2] Under the modification the debtor proposes to pay nothing to Star Bank with respect to the mortgage on her residence. The grounds for debtor's position are that under Ohio law the alteration of the check relieved her of any further obligation on the note. The debtor has already repaid Star Bank any consideration she received from the loan proceeds.

### CONCLUSIONS OF LAW

■ The debtor's contention that she is only liable to Star Bank for the consideration she directly received from the loan is incorrect and misconstrues the nature of an *accommodation* party. It is basic hornbook law that consideration does not have to be received by an *accommodation* party to support her obligation:

At the outset one should understand that an accommodation party's failure to receive dollars in his pocket from the creditor is not a defense. Time and again sureties respond to a holder's suit by arguing, "I am a surety and I did not receive consideration for my contract." This is a losing argument. Section 3–415(2) [Ohio Rev.Code § 1303.51] specifically provides that the surety is liable to a taker (and *a fortiori*, holders and holders in due course) when the instrument is taken for value before it is due. Regardless whether the surety signs gratuitously or receives compensation, his obligation is supported by the consideration which moves from the creditor to the principal debtor. James J. White & Robert S. Summers, *Uniform Commercial Code* § 13–15 (3d ed.1988).

■ Also unavailing is the debtor's argument that alteration of the check issued by Star Bank relieves her from the terms of the mortgage. The debtor relies on Ohio Rev.

Code § 1303.43 (U.C.C. 3–407) which provides that:

(A) Any alteration of an instrument is material which changes the contract of any party thereto in any respect, including any such change in:

(1) the number or relations of the parties; or

(2) an incomplete instrument, by completing it otherwise than as authorized; or

(3) the writing as signed, by adding to it or by removing any part of it.

(B) As against any person other than a subsequent holder in due course:

(1) alteration by the holder which is both fraudulent and material discharges any party whose contract is thereby changed unless that party assents or is precluded from asserting the defense;

(2) no other alteration discharges any party and the instrument may be enforced according to its original tenor, or as to incomplete instruments according to the authority given.

(C) A subsequent holder in due course may in all cases enforce the instrument according to its original tenor, and when an incomplete instrument has been completed, he may enforce it as completed.

While it is clear that the check was materially altered, there is absolutely no evidence that the check was fraudulently altered. The debtor's own testimony established that the loan proceeds were used precisely as envisioned by the parties. More importantly, Ohio Rev.Code § 1303.43 is not relevant to the validity of the *note* and *mortgage* executed by the debtor in favor of Star Bank. If the check had been both fraudulently and materially altered, the debtor may have been discharged from any liability with respect to the *check*, but not necessarily from the note and mortgage. The mortgage is the instrument that Star Bank is seeking to enforce here, not the check. In any event, finding no fraud in this case, it is unnecessary to further examine the effects of the altered check. The court finds that the debtor cosigned the

---

2. On March 17, 1994, the court entered an order confirming the debtor's original chapter 13 plan. Unknown to the court, the debtor had filed her "Modification of Plan" on March 16, 1994. Be-

cause the court is denying the debtor's proposed modification of plan, the confirmation order of March 17th will remain effective.

promissory note to Star Bank, executed a mortgage to assist the principal maker in obtaining the loan, and that the loan proceeds were used as anticipated by the debtor. Therefore, the court finds no basis for permitting the debtor to modify the mortgage executed in favor of Star Bank.

For the foregoing reasons, it is hereby ORDERED that the debtor's proposed modification of her chapter 13 plan is DENIED.

